UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-02335 DMG (JCGx)** | Date | June 23, 2011 |
|---|---|---|---|

| Title | ***Scott Barbour, et al. v. Bret Saxon, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT**

The matter is before the Court on the following:  (1) Defendant Rob Stein's Motion to Dismiss [Doc. #21]; (2) Defendant Bret Saxon's Motion to Dismiss [Doc. # 22]; (3) Plaintiffs' Motion to Remand [Doc. # 25], all of which were originally set for hearing on June 20, 2011. On June 16, 2011, the Court took the Motions under submission because it deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

In their Motion to Remand, Plaintiffs contend that the matter should be remanded because Plaintiffs amended their complaint [Doc. # 20] to remove the only cause of action based on a federal statute.  In their initial complaint, Plaintiffs included a cause of action for an alleged violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*  Defendant Stein removed the action to this Court on the basis of federal question jurisdiction.  Following this Court's ruling on Defendant Stein's motion to dismiss [Doc. #12], Plaintiffs amended their complaint to remove their RICO claim.  The first amended complaint, the operative complaint in this action, contains no federal question.

Because Plaintiffs' remaining causes of action raise no question of federal law, the Court declines to exercise supplemental jurisdiction over them.[1]  *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (quotation marks omitted)). A federal court has no interest in exercising jurisdiction over state tort and contract claims whereas California courts have a strong interest in determining claims arising under state law.

---

[1] In his opposition to Plaintiffs' Motion, Defendant Stein concedes that this Court has the authority and discretion to remand the action as a result of Plaintiffs' decision to remove their RICO claim.  (Def.'s Opp'n at 6.)

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **CV 11-02335 DMG (JCGx)** | Date June 23, 2011 |
| Title *Scott Barbour, et al. v. Bret Saxon, et al.* | Page 2 of 2 |

     In the interests of judicial economy, convenience, fairness, and comity, the Court therefore declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, this matter is hereby **REMANDED** to the Los Angeles County Superior Court. The motions to dismiss filed by Defendants Stein and Saxon are **DENIED** as moot.

**IT IS SO ORDERED.**